United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K-S; LARRY SCHRADER, JODIANN K. SCHRADER, individually and as guardian ad litem for minor plaintiff K-S,<br><br>Plaintiffs,<br><br>v.<br><br>POINT SAN PABLO YACHT CLUB; INGRID HOGAN; DOE BOARD MEMBERS 1-14; and DOES 15-25, inclusive,<br><br>Defendants. | No. C 06-4020 SBA<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION** |

This matter comes before the Court on Plaintiffs' Ex Parte Application for Temporary Restraining Order and Order to Show Cause re Preliminary Injunction [Docket No. 5]. Having read and considered the papers submitted by Plaintiffs, the Court finds this matter appropriate for disposition without a hearing.

Federal Rule of Civil Procedure 65(b) provides the district court with the authority to enter a temporary restraining order. The court may grant such injunctive relief if the plaintiff has established: (1) a likelihood of success on the merits and the possibility of immediate irreparable injury, or (2) the existence of serious questions going to the merits and that the balance of hardships tips sharply in its favor. *Metro Publishing, Ltd. v. San Jose Mercury News*, 987 F.2d 637, 639 (9th Cir. 1993); *see also Southwest Voter Registration Education Project v. Shelley*, 344 F.3d 914 (9th Cir. 2003). The two components of this test sit on a kind of sliding scale or "continuum," *Southwest Voter*, 344 F.3d at 918; thus, "the less certain the district court is of the likelihood of success on the merits, the more plaintiffs must convince the district court that the public interest and balance of hardships tip in their favor." *Id.*

In this case, Plaintiffs seek interim and permanent relief restraining and enjoining Defendants pending the trial of this action from moving Plaintiffs' yacht from its current slip, No. 12. Plaintiffs assert violations of (1) California's Disabled Rights Act, California Civil Code Section 54.1 and 55; (2)

Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*; (3) Unruh Civil Rights Act; and (4) Government Code § 12948.

Plaintiffs have failed to demonstrate a likelihood of success on the merits on any of their claims. Plaintiffs' Application is wholly deficient in this respect. First, Plaintiffs have failed to set forth the elements that apply to each cause of action they are asserting. Second, they have not provided any legal authority in support of their claims. Plaintiffs have not cited a single case in support of their argument that they have a high likelihood of achieving success on the merits. Instead, Plaintiffs only cite certain provisions of the ADA and the California's Disabled Rights Act. However, before Plaintiffs can even rely on these provisions, they must demonstrate that the ADA and the California's Disabled Rights Act apply to Defendants.

In order to establish a Title III claim under the ADA, Plaintiffs must demonstrate, *inter alia*, that Defendant Point San Pablo Yacht Club is a private entity that owns, leases, or operates a place of public accommodation. *See Amir v. St. Louis University*, 184 F.3d 1017, 1027 (8th Cir. 1999). The determination on whether the facility is a public accommodation turns on whether it is open indiscriminately to other members of the general public. *See Jankey v. Twentieth Century Fox Film Corp.*, 14 F.Supp.2d 1174, 1178 (C.D. Cal. 1998). Plaintiffs do not mention this element anywhere in their Application. Furthermore, Plaintiffs' Complaint does not even allege that the facility is open indiscriminately to other members of the general public. Accordingly, the Court is unable to evaluate Plaintiffs' claims. *See Johnson v. Holway*, 329 F.Supp.2d 12, 15 (D.D.C. 2004) (a TRO "is an extraordinary form of relief that should not be granted absent a clear and convincing showing by the moving party."); *Sierra Club v. Hickel*, 433 F.2d 24, 33 (9th Cir. 1970) ("'The grant of a preliminary injunction is the exercise of a very far reaching power never to be indulged except in a case clearly warranting it.'"); *Clairol Inc. v. Gillette Co.*, 389 F.2d 264, 265 (2d Cir. 1968) ("The award of a preliminary injunction is an extraordinary remedy, and will not be granted except upon a clear showing of probable success and possible irreperable injury.").

Accordingly,

IT IS HEREBY ORDERED THAT Plaintiff's Ex Parte Application for Temporary Restraining Order [Docket No. 5] is DENIED.

IT IS SO ORDERED.

Dated: 6/30/06

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge